IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
   Plaintiff : CIVIL NO. 1:CV-09-2011
:
vs. : (Judge Caldwell)
:
KENNETH A. RAPP, Public Defender, :
:
   Defendant

*M E M O R A N D U M*

I. *Introduction*

      Plaintiff, Purnell Nelson, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983 against Kenneth Rapp, the Dauphin County Public Defender. Nelson has also requested in forma pauperis status. We will grant the latter request but dismiss this action because it fails to state a claim on which relief may be granted.

II. *Standard of Review*

      Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement here, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can

be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

III.     *Background*

Filed on October 16, 2009, the complaint alleges the following. On August 11, 2009, Nelson appeared before Magisterial District Judge Michael Smith via videoconferencing for his arraignment in two criminal matters before the Dauphin County Court of Common Pleas. Nelson requested an attorney at that time, but the court denied the request and continued with the proceedings. (Compl., p. 2). As a result, Plaintiff was coerced into pleading guilty in the two criminal matters. (*Id.*). Nelson alleges he was

-2-

denied his due process rights by the court's denial of his "First Amendment constitutional rights." (*Id.*). He avers he suffered "mental anguish and had to undergo psychological treatment, due to [the] Public Defender's legal malpractice and misrepresentation, by an incompetent attorney." (*Id.*). Nelson claims that Public Defender Rapp "acted outside the scope of official capacity by denying Plaintiff's right to an attorney, not appearing in court representing Plaintiff." (*Id.*) Plaintiff alleges that the Defendant's "unethical conduct violated" Plaintiff's Fourth, Eighth and Fourteenth Amendment rights "by failing to comply with all applicable federal and state laws." *Id.* As relief, Nelson seeks compensatory and punitive damages, and apparently, an injunction that would "stop [the] violati[on]" of Plaintiff's "constitutional rights." (*Id.*, p. 3).

IV. *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).

Plaintiff's civil rights claim against Rapp fails on the first element because it is well established that criminal defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law. *DeAngelo v. Brady*, 185 Fed. Appx. 173, 175-76 (3d Cir. 2006)(per curiam) (nonprecedential). "[A] public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L.Ed.2d 509 (1981). Appearing in court on behalf of a defendant is a lawyer's traditional function, and the public defender's alleged conduct is thus not state action, even if the complaint is, as here, that he *failed* to appear in court. *See Stankowski v. Farley*, 251 Fed. Appx. 743, 747 (3d Cir. 2007)(per curiam)(nonprecedential)(public defender's alleged misdeeds, including failure to make at least one court appearance, was not state action).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 10, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2011
  vs. :
: (Judge Caldwell)
KENNETH A. RAPP, Public Defender, :
:
    Defendant :

*O R D E R*

    AND NOW, this 10th day of November, 2009, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's motion to proceed in forma pauperis (doc. 2) is granted.

    2. Plaintiff's complaint is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

    3. Any appeal from this order would not be in good faith.

    4. The Clerk of Court shall close this file.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge